W. H. H. PECK CO. *v.* GORDON.

Principal and Agent—Contracts—Payment.

A wholesale house which makes a shipment of goods upon the advice of its traveling agent that the purchaser will turn over in payment, instead of cash, the note of a third person, naming the maker and indorser, and suggesting that the latter's financial standing be ascertained by the house through a mercantile agency, cannot thereafter insist that the note received is insufficient because indorsed by the purchaser without recourse.

Error to Midland; Dodds, J. Submitted February 11, 1897. Decided April 27, 1897.

*Assumpsit* by the W. H. H. Peck Company against Stewart B. Gordon and another for goods sold and delivered. From a judgment for defendants, plaintiff brings error. Affirmed.

*Lee E. Joslyn* and *M. J. Gue*, for appellant.

*Gordon & Reardon*, for appellees.

LONG, C. J. This action was brought to recover the cash price for certain goods sold by the plaintiff to the defendants, amounting to $519.78. It appears that one A. B. Love was a traveling salesman for the plaintiff. Defendants were merchants, doing business at Midland, this State. Love called upon them at their store, and there an arrangement was made by which the defendants agreed to take from the plaintiff certain goods, on condition that they could turn out a certain note they had against other parties; and defendants contend that in turning out the note they were not to become liable thereon, but were to turn it out as cash. After the first visit of Mr. Love to the defendants, he wrote the plaintiff in reference to the

talk he had had with them about the sale of. goods, and on November 19, 1894, the plaintiff answered him, as follows:

"Yours of 17th, from Adrian, at hand, and we are glad to hear from you. Beg to say we hope you will get a nice large order from Gordon & McCann for goods in our line, and, if you do, the same will be all satisfactory if it is settled for on the basis you write us, provided the notes have good indorsement; and their indorsement, we believe, is all right. We hope, however, you will be able to arrange it so that they could pay part cash and part in these notes which you speak of," etc.

On the 24th of November, Mr. Love wrote the plaintiff in answer:

"Inclosed please find order from Gordon & McCann, of Midland, Mich. You will remember I wrote you about this deal with Gordon & McCann, in reference to their turning out notes to you instead of cash,—notes that they took in the way of trade; and in view of their enlarging their business, and wanting a large purchase of goods, and not wishing to feel in debt for them, is why they want to turn over the notes now. Usually they hold the notes themselves until they mature, and it is not likely they would want to give them out this way for future purchases; so I think you had better take the notes this time, and thereby secure a good customer. The notes bear 7 per cent. interest, are drawn by the Cleveland Wooden Ware Company, of Midland, Michigan, are signed by W. B. Remington as president, and are also indorsed by W. B. Remington personally. Now, W. B. Remington has a large amount of stock in the Cleveland Wooden Ware Company, of Midland, is interested in the Saginaw Box Company, of Saginaw, and is also the Remington of the firm of Remington & Horton, of Grand Rapids; so you can look him up at each of these three places through the agency. And in the meantime please be getting the orders out at once,—the very quickest you can,—and, when you ship, send a tracer after, to hurry the goods forward. I fully expect that you will find the notes acceptable, so do not delay getting the goods out while waiting for reports. It is fully understood that the notes must be such as you will approve," etc.

The goods were shipped to the defendants, and received by them, and they in turn sent the note forward which the agent of plaintiff had selected, and to which he referred in the letter above quoted.   On December 26th, the plaintiff acknowledged receipt of the note for $500 and a post-office order for $4.62, and wrote in reference to this note:

"The understanding between us and Mr. Love and between you and him, according to the way he wrote us, was that we were to accept this note from you, made out as this one is, providing said note or notes were acceptable to us; so we again repeat that they are acceptable to us, except that we want your indorsement, properly made, as well as Mr. Remington's."

Plaintiff returned the note, as well as the post-office order.   It appears the defendants had indorsed the note "without recourse."   Plaintiff thereafter, contending that the Cleveland Wooden Ware Company and Mr. Remington were irresponsible, brought suit against the defendants.   No demand was made by the plaintiff for the return of the goods before suit brought, but it proceeded upon the theory that it had the right to recover the cash price as upon a cash sale.   Defendants contend: *First*, that Love had authority to make the arrangement which was made to receive the note in payment of the goods, well knowing that they did not intend to pay cash, but to turn the note out in payment; and, *second*, that the plaintiff was informed by the letter of November 24th, written by Love, just what the character of the note was; and that, after receipt of this letter, the plaintiff shipped the goods, and thereby accepted the terms of the contract made by its agent.   It was further claimed upon the trial by plaintiff that Mr. Love, at the time of taking the order from the defendants, delivered a copy of the same to them.   This was denied by the defendants. It seems this order contained the words: "Terms cash, or approved notes, bearing 7 per cent. interest."   The jury, upon the special question submitted to them, found that no copy of the order was ever shown the defendants.

The court, in its charge to the jury, directed them, after reading the correspondence between the parties, that—

"If the contract made by Love with the defendants was as claimed by the plaintiff, and the notes were to be subject to the approval of the plaintiff, it is entitled to recover in this case the amount of $519.78, with interest at 6 per cent. from the 24th day of January, 1895; but, if the contract made by Love and the defendants was as claimed by the defendants, I think it was the duty of plaintiff, upon receipt of the letter of December 24th, reading as follows: 'Inclosed you will find note of $500 and post-office order $4.62 to pay our bills to date. This is the arrangement made with your Mr. Love; we to receive 2 per cent. off the bill, and you to receive note drawing 7 per cent. That is the terms from the other houses he represented. We inclose you statement of the same. Please send us receipt for the same,'—to have repudiated the contract made by Love, if plaintiff did not intend to stand by it. It could not, without doing so, sue and recover from the defendants the value of the goods. No fault is found by the plaintiff with the note, except that to the indorsement the defendants added the words 'without recourse,' which indorsement was sufficient to pass title to the note, but did not make the defendants liable thereon. But, if the contract was as claimed by the plaintiff, the note in question does not fulfill the conditions of the contract to be performed by the defendants, and in such case it had a right to approve it or not. On being advised by the defendants that they insisted that the note sent was sufficient, on tendering it back plaintiff had a right of action as claimed by it in this case; so that, if you find the contract to be as claimed by plaintiff, your verdict should be for it for the amount I have stated."

Certainly this charge was as fair to the plaintiff as it was entitled to. The letter from its agent, November 24th, advised it fully that the note he was taking was given by the Cleveland Wooden Ware Company, signed by Mr. Remington as president, and indorsed by him personally. Plaintiff was advised of Remington's business, and it was further advised to look him up at the three places through the agency. There was nothing in the

letter indicating that defendants were to be liable upon the note. It showed only that they were turning the note out in payment, and was a sufficient notification to plaintiff of just what the arrangement was which its agent, Love, had made with the defendants; and plaintiff shipped the goods afterwards with full knowledge that the note was to be received in payment. Not until the goods had been shipped, and the note received, did it raise any question that defendants were to become personally liable upon the note. We are of the opinion that when the plaintiff accepted the order, having the information it had at the time from the letter of Mr. Love, and shipped the goods to the defendants, it was an acceptance and approval of the note, and ratified the entire contract; and that when the defendants sent the note to the plaintiff it fully satisfied the latter's claim.

The judgment must be affirmed.

The other Justices concurred.